| | |
|---|---|
| AMELIA BUTLER,<br><br>        Plaintiff,<br><br>  v.<br><br>SI HO RAUGH,<br><br>        Defendant. | CASE NO. C19-964RSM<br><br>ORDER CONSOLIDATING ACTIONS |
| AMELIA BUTLER,<br><br>        Plaintiff,<br><br>  v.<br><br>MS. CANTY-BASHAM,<br><br>        Defendant. | CASE NO. C19-965RSM |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter is before the Court sua sponte on its prior orders to show cause why these cases should not be consolidated. *Butler v. Raugh*, Case No. C19-964RSM, Dkt. #19 (W.D. Wash.) ("*Butler v. Raugh*"); *Butler v. Canty-Basham*, Case No. C19-965RSM, Dkt. #20 (W.D.

ORDER – 1

Wash.) ("*Butler v. Canty-Basham*").[1]  In addition, various motions are pending in the two actions. Finding that consolidation is appropriate and wanting to provide the parties clear guidance going forward, the Court orders consolidation and resolves the pending motions as specified herein.

## I. BACKGROUND

### A. Underlying Facts and Claims

As best the Court can tell, this case appears to arise out of Butler's visit to a hair salon. Butler received a hair treatment that she maintains resulted in chemical burns to her scalp. She initiated this action against the hair stylist (Defendant Raugh) and the manager (Defendant Canty-Basham). Butler seems to allege that the hair stylist was negligent, that the salon violated Washington State sanitary standards for cosmetologist, violated state laws related to professional conduct, and engaged in dishonesty. Butler claims that Defendants interfered with investigations of the incident and engaged in a cover up. Under a heading of "Jurisdiction," Butler lists her claims as: "Libel, Slander, King County jurisdictions, Fraud, defamation of character, intentional infliction of harm, emotional distress, and the Damages of $3million." *Butler v. Raugh*, Dkt. #7 at 1; *Butler v. Canty-Basham*, Dkt. #7 at 1.

### B. Procedural History of *Butler v. Raugh*, C19-964RSM

*Butler v. Raugh* was originally assigned to the Undersigned and Butler was granted leave to proceed in forma pauperis ("IFP"). Dkt. #5. Prior to issuing summonses, and upon reviewing Butler's amended complaint, the Court determined that the complaint suffered from several deficiencies that warranted dismissal. Dkt. #8. These deficiencies included, specifically, that Butler failed to establish that this Court has subject matter jurisdiction to hear the case—either

---

[1] The Court notes that the parties technically have until the end of the day to respond to the Court's Order to Show Cause. However, both parties have already substantively responded in at least one of the two cases and the Court finds it appropriate to issue this Order forthwith.

ORDER – 2

federal question jurisdiction or diversity jurisdiction. *Id.* at 2–3. The Court granted Butler leave to file an amended complaint, within 21 days, remedying the identified deficiencies. *Id.* at 4.

Butler subsequently sought an extension of time, until October 15, 2019, to file an amended complaint. Dkt. #14. Butler indicated that she needed additional time to seek legal advice and amend the complaint. *Id.* Defendant Raugh opposed this motion on the basis that Butler would be unable to file a sufficient complaint even with additional time. Dkt. #16. Butler's motion was noted for consideration on July 26, 2019 and is ripe for consideration.

Following the Court's Order to Show Cause why these cases should not be consolidated, Butler filed a "Motion for clarification for the court and approval of third complaint." Dkt. #23. Butler again sought an extension such that she be required to file any amended complaint no sooner than October 15, 2019. *Id.* This motion is noted for the Court's consideration on August 16, 2019 and Defendant Raugh has not responded.

Lastly, Butler has filed a "Notice and Conflict of interest and Motion to remove" defense counsel. Dkt. #24. This motion is noted for the Court's consideration on August 16, 2019 and Defendant Raugh has not responded.

**C. Procedural History of *Butler v. Canty-Basham*, C19-965RSM**

*Butler v. Canty-Basham* was originally assigned to the Honorable John C. Coughenour, United States District Court Judge, and Butler was granted leave to proceed IFP. Dkt. #6. Butler filed a motion requesting that the Court issue summonses. Dkt. #5. That motion was noted for the Court's consideration on July 12, 2019 and remains pending. *Id.* After this case was reassigned to the Undersigned, the Court entered an Order to Show Cause why this action should not be consolidated with *Butler v. Raugh*. Dkt. #17. In response, Butler filed a "Motion for both cases if Consolidated to retain their independent character and Response to judge's order to show

ORDER – 3

cause." Dkt. #20. This motion, which will be discussed substantively below, was noted for the Court's consideration on July 31, 2019. *Id.*

A preliminary review of the Complaint in *Butler v. Canty-Basham* makes clear that it suffers from many of the same deficiencies identified by the Court in *Butler v. Raugh*. Perhaps recognizing the deficiencies, Butler has filed a "Motion to Amend complaint." Dkt. #22. This motion is noted for the Court's consideration on August 16, 2019 and Defendant Canty-Basham has not responded.

Lastly, Butler has also filed a "Notice and Conflict of interest and Motion to remove" defense counsel in *Butler v. Canty-Basham*. Dkt. #21. This motion is substantively identical to the motion filed in *Butler v. Raugh*, is noted for the Court's consideration on August 16, 2019, and Defendant Canty-Basham has not responded.

## II. DISCUSSION

Federal Rule of Civil Procedure 42(a) provides this Court with broad discretion to consolidate cases that involve common questions of law and fact. *See Pierce v. Cnty of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to consolidate actions; we review its decision on consolidation under an abuse of discretion standard."); *Investor's Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (district court has "broad discretion" to consolidate actions pending in the same district); *Washington v. Daley*, 173 F.3d 1158, 1169 n. 13 (9th Cir. 1999) (court's decision on consolidation reviewed for abuse of discretion). In determining whether consolidation is warranted, courts look to the existence of common questions of law or fact and weigh the interests of judicial economy against any delay or prejudice that might result. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *Monolithic Power Systems, Inc. v. O2 Micro Intern.*

*Ltd*, 2006 WL 2329466, *1 (N.D. Cal. 2006) (granting consolidation where common questions of law and fact exist, and judicial economy would be served).

The Court finds that consolidation is appropriate here. There are unquestionably common questions of law and fact as each of the lawsuits involve the same operative facts, the same legal theories, and similar relationships between the parties. Further, judicial economy is served by the Court dealing with a single case where common issues can be resolved without duplication. The Court further notes that both Defendants support consolidation. *Butler v. Raugh*, Dkt. #25 at 2; *Butler v. Canty-Basham*, Dkt. #23 at 2.

Butler's position on the matter is somewhat unclear and does not significantly impact the Court's decision. Butler expresses confusion as to the effect of consolidation, but

> respects the opportunity to not incur extra cost in any way. However, plaintiff is requesting that any both cases if consolidated retain their independent character for finality, resolutions, damages, damage amounts, separate parties, separate reviews, separate orders, separate defendants, separate decision on admissibility, separate evidence, separate defenses, any other claims and amounts, separate issues, claims, crossclaims, counterclaims, orders, third-party claims, separate trial, Separate complaints filed against each defendant, preserve any federal rights separately, separate jurors, preserve any federal right to a jury trial separately, and appealability rights separately as it pertains to local rule 42(a).

*Butler v. Canty-Basham*, Dkt. #20 at 2. While Butler expresses several concerns, they are largely irrelevant or outweighed by the judicial economy inherent in addressing these cases jointly. Further, and to the extent Butler raises valid concerns, the Court believes that the applicable rules provide her adequate protection from any prejudice.

Finding that consolidation is appropriate, noting the deficiencies in the complaints Butler has filed to date, and noting her request for additional time to further amend her complaints, the Court finds it appropriate to grant Butler an extension of time. However, because Butler still has not established that this matter falls within the Court's subject matter jurisdiction, because she elected to initiate this action, and because she has already been afforded some additional time to

ORDER – 5

amend her complaints, the Court does not find it appropriate it to grant the full extension requested—until October 15, 2019. Further, and because this matter is not clearly within the Court's subject matter jurisdiction, the Court finds it inappropriate to rule on the other pending motions and accordingly denies them as moot.

Lastly, the Court finds it necessary to note that Butler has been filing documents that do not appear to have original signatures. Because Butler is proceeding pro se and has elected not to file documents electronically, she is required to file documents with physical signatures. *See* U.S. District Court, Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases, Section III.L (p. 9–10) ("If a pro se party files a paper document, or submits a document for filing via e-mail, the document must contain a physical signature."). Butler is advised to familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules and procedures. The Court need not consider documents that are not filed according to the applicable rules.

### III. CONCLUSION

Having considered the applicable documents in the records of both cases and the arguments of the parties, the Court finds and ORDERS:

1. *Butler v. Raugh*, Case No. C19-964RSM (W.D. Wash.) and *Butler v. Canty-Basham*, Case No. C19-965RSM (W.D. Wash.) shall be CONSOLIDATED. **All future documents shall be filed only under the consolidated cause number C19-964RSM and shall not be filed under other cause numbers.**

2. As to pending motions in *Butler v. Raugh*, Case No. C19-964RSM (W.D. Wash.):

   a. Plaintiff's "Motion for more time and additional extension to file amended complaint" (Dkt. #14) is GRANTED IN PART.

ORDER – 6

b. Plaintiff's "Motion for clarification for the court and approval of third complaint" (Dkt. #23) is GRANTED IN PART.

c. Plaintiff's "Notice and Conflict of interest and Motion to remove" defense counsel (Dkt. #24) is DENIED as moot.

3. As to pending motions in *Butler v. Canty-Basham*, Case No. C19-965RSM (W.D. Wash.):

    a. Plaintiff's Motion to issue summonses (Dkt. #5) is DENIED as moot.

    b. Plaintiff's "Motion for both cases if Consolidated to retain their independent character and Response to judge's order to show cause" (Dkt. #20) is DENIED as moot.

    c. Plaintiff's "Notice and Conflict of interest and Motion to remove" defense counsel (Dkt. #21) is DENIED as moot.

    d. Plaintiff's "Motion to Amend complaint" (Dkt. #22) is GRANTED IN PART.

4. Plaintiff is GRANTED leave to amend her complaint and GRANTED additional time to do so. Within forty-five (45) days of this Order, Plaintiff shall file a *single, consolidated* complaint setting forth all of Plaintiff's claims against both Defendants, making clear who took specific actions and which allegations and claims are against individual Defendants and which are against both Defendants. Plaintiff shall also ensure that this *single, consolidated* complaint satisfies the applicable pleading standards and adequately demonstrates that this Court has jurisdiction to hear the claims. Failure to file a *single, consolidated* complaint within forty-five (45) days of this Order will result in the matter being CLOSED.

//

//

//

ORDER – 7

5. The Clerk shall mail Plaintiff a copy of this Order at: P.O. Box 3388, Federal Way, Washington 98063.

Dated this 7 day of August, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 8